UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Regina Crawford,<br><br>            Plaintiff,<br><br>    -v-<br><br>Citibank, NA, James Francis Mathews, Howard H. Heckman, and Stephen J Baum,<br><br>            Defendants. | 2:24-cv-457<br>(NJC) (LGD) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

  On August 22, 2024, the Court held a status conference at which it reviewed pro se Plaintiff Regina Crawford's ("Crawford") Return of Service under Rule 4 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (Min. Entry, Aug. 23, 2024; ECF No. 5.) The Court found that Plaintiff had not properly served any of the four defendants named in the Complaint within ninety days of filing the Complaint as required by Rule 4(m). (*Id.*) The Court also found that Crawford's filings located at ECF Nos. 10 and 11 had not added Victor Spinelli or Fein, Such, Crane & Shepherd, LLC as defendants to this action. (Conf., Aug. 23, 2024.) The Court notified Ms. Crawford that should she seek to add these defendants, she would need to file an amended complaint under Rule 21, Fed. R. Civ. P. (*Id.*) In light of Crawford's pro se status, and her efforts to obtain counsel, the Court extended the deadline to effect service to September 12, 2024. (Min. Entry, Aug. 23, 2024.)

  Crawford has since submitted nine filings regarding service. (ECF Nos. 16–24.) The Court considers each one and concludes that Crawford has failed to timely serve the defendants as required by Rule 4(m). Accordingly, each of the defendants is dismissed without prejudice.

I. **Attempted Service on Judicial Defendants**

On September 10, 2024, Crawford filed a document dated January 31, 2024 stating that Cecil R. King served Defendant James Francis Mathews ("Mathews") by service of the summons (not the summons *and* the complaint) on the "Patchogue Clerk of Court," who is asserted to be designated by law to accept service of process on behalf of the Sixth District Court in Suffolk County, and by mailing the summons via certified mail to 150 West Main Street, Patchogue, NY. (ECF No. 16.) This filing consists of the same "Proof of Service" and "Summons" pages as in Crawford's original Return of Service. (*Compare* ECF No. 5 at 1–2 *with* ECF No. 16 at 1, 4.) At the August 22, 2024 status conference, this Court found that this exact Proof of Service and Summons did not show proper service on Defendant Mathews for several reasons, including that the attempt at service included only the summons and not the Complaint. (Conf., Aug. 22, 2024; *see also* ECF No. 5 at 1–2; ECF No. 16 at 1, 4.) Under Rule 4(c), however, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

On September 11, 2024, Crawford filed a three-page document consisting of three documents titled "Affirmation of Service" executed by "Danielle Caruso," each dated September 10, 2024, in which the affiant declares under penalty of perjury that they "served a copy of the summons and complaint to NYS Attorney General" and upon Defendant Mathews and Defendant Howard H. Heckman ("Heckman") "c/o Letitia James/Susan M. Connolly Atty General" at 300 Motor Parkway, Suite 230 in Hauppauge, NY. (ECF No. 21.)

Section 307 of the New York Civil Procedure Rule and Laws ("N.Y.C.P.L.R.") governs personal service on a New York "state officer sued solely in an official capacity." N.Y.C.P.L.R. § 307(2). In order to effect personal service on a state officer sued in their official capacity under Section 307(2), a plaintiff must:

2

> (1) deliver[] the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) . . . mail[] the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, *and* . . . personal[ly] serv[e] upon the state. . . .

N.Y.C.P.L.R. § 307(2) (emphasis supplied). "Personal service upon the state shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state." N.Y.C.P.L.R. § 307(1).

None of these documents indicate whether service was effected through personal service or some other means, or whether such service complied with the Section 307(2). Even if these documents established proper personal service upon the state under Section 307(2)(2), neither the New York State Attorney General nor Susan M. Connolly Attorney General is the "chief executive officer" of the New York State Judiciary, and none of these documents show service of the summons and complaint upon either Defendant Mathews or Defendant Heckman. Accordingly, the filing does not establish proper service of the summons and Complaint on Defendants Mathews or Heckman. Additionally, the pages that purport to memorialize service against Defendant Heckman do not explain how he could have been served in light of the fact that he died in 2021, as the Court noted at the August 22, 2024 conference. (*See* ECF No. 21 at 2–3; Min. Entry, Aug. 23, 2024.) Because Defendant Heckman has died, he cannot be served and is therefore dismissed from this action.

On September 13, 2024, Crawford filed an "Affidavit of Due Diligence" by "Robert Maurus" in which Maurus declares under penalty of perjury that he attempted to serve the Summons and Complaint on Defendant Mathews and checked boxes to indicate that the "Party is evading service" and "could no longer be served within prescribed time." (ECF No. 22.) Maurus further attests that he tried to serve Defendant Mathews twice on September 12, 2024. According

3

to Maurus, the first time, a woman at the Clerk's window told him that he would need to serve Defendant Mathews's secretary, but that the secretary was not in and the Clerk was unable to accept service. The second time, he was told by "a Court personnel named James" that he "could not serve anyone at the building" and that "service may be better served at Beaver Street" in New York City. (*Id.*)

Crawford also filed a six-page document that consists of a series of emails between Crawford and Susan Connolly of the New York State Attorney General's office and a series of text messages between unidentified participants. (ECF No. 20.) In the emails, Connolly acknowledges that Crawford's process server attempted to serve Defendant Mathews in Patchogue and was told to go to Beaver Street in New York City, but that this information was incorrect, and that the server should return to the Patchogue courthouse to serve Defendant Mathews. (ECF No. 20 at 1.) The text messages appear to document Crawford's communications with the process server hired to serve the summons and Complaint on Defendant Mathews and some of the charges incurred by Crawford in attempting to serve Defendant Mathews. (*Id.* at 5–6).

Finally, Crawford filed two additional affidavits of service as to Defendant Mathews. The first was filed on, and dated, September 13, 2024, but there is no name identifying the deponent who completed the "Affidavit." (ECF No. 23.) The affidavit purports to indicate that someone served a copy of the summons and complaint on Defendant Mathews by personally delivering it to, and leaving it with, "Leonard Badia Esq at 400 Carlton Ave, Central Islip." (*Id.*) This affidavit also indicates that on September 13, 2024, the unidentified deponent completed service by depositing a copy of the summons and complaint in a first class, postage paid envelope, which did not indicate the mailing was from an attorney or concerning legal action, and was

4

marked "Personal and Confidential" and addressed to Mr. Badia, in an official depository under the exclusive care and custody of the United States Postal Office in New York. (*Id.* at 1.) Because this "Affidavit" does not identify the deponent who attempted service, it does not establish that Crawford properly served Defendant Mathews in compliance with the requirements of the Federal Rules of Civil Procedure.

On September 16, 2024, Crawford filed an "Amended Affidavit of Service" by "Robert Maurus," in which Maurus swears that he served Defendant Mathews on September 13, 2024 by leaving a copy of the summons and complaint with "Leonard Badia (district clerk)" at 400 Carleton Avenue, Central Islip. (ECF No. 24.) Maurus checked the box indicating that the documents were left with a "suitable age person," but did not identify whether the documents were left at Defendant Mathews's place of business or dwelling. (*Id.*) This document additionally indicates that Maurus mailed a copy of the summons and complaint in a first class, postage paid envelope which did not indicate that the mailing was from an attorney or concerning legal action and was marked "Personal and Confidential." (*Id.*) According to the New York State Unified Court System website, 400 Carleton Avenue in Central Islip is the address for the Suffolk County District Court Clerk's Office and Leonard Badia is the Chief Clerk of Suffolk County District Court. *See* New York State Unified Court System, 10th JD – Suffolk County District Court, https://ww2.nycourts.gov/courts/10jd/suffolk/dist/personnel.shtml#CCO (last visited, Oct. 20, 2024).

Because Crawford has failed to demonstrate service on Defendants Mathews or Heckman by the Court's September 12, 2024 deadline, which was more than 90 days after the Complaint was filed, Defendants Mathews and Heckman are both dismissed from this action without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

5

## II.  Attempted Service on Citibank, N.A.[1]

Under Rule 4(h)(1) of the Federal Rules of Civil Procedure, a corporation must be served either:

> (1) in the manner prescribed by [the law for serving a summons on an individual of the state in which the district court is located]; or
>
> (2) by delivering a copy of the summons and of the complaint to an officer, or . . . agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1); *see also* Fed. R. Civ. P. 4(e)(1). Under New York law, "[p]ersonal service upon a corporation . . . shall be made by delivering the summons . . . upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y.C.P.L.R. § 311(a).

A business corporation may also be served pursuant to New York Business Corporation Law § 306(b)(1), which permits a party to serve a domestic or authorized foreign corporation by

> personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee.

N.Y. Bus. Corp. L. § 306(b)(1); *see also* N.Y.C.P.L.R. § 311(a)(1).

At the August 22, 2024 status conference, this Court found that the document Crawford filed on February 8, 2024 to show proof of service on Defendant Citibank, N.A. ("Proof of Service," ECF No. 5 at 6), did not establish proper service on Defendant Citibank N.A. for two

---

[1] The Complaint names "Citibank NA" as a defendant. The Court presumes that Crawford is referring to Citibank N.A., a national bank.

6

reasons. (Conf., Aug. 22, 2024.) First, the Court found that the Proof of Service failed to show that the summons was served with a copy of the complaint as required under Rule 4(c)(1), Fed. R. Civ. P., because the document stated only that the server "mailed the summons certified mail" and did not state that the complaint was mailed. (ECF No. 5 at 6.) Second, the Court found that the Proof of Service was further defective because Crawford directed service to "Fein Such & Crane," which was the incorrect entity. *(Id.)* The Proof of Service failed to demonstrate that Fein Such & Crane was authorized to accept service for Citibank, N.A. as required by Rule (4)(h)(1), Fed. R. Civ. P. and New York Civil Procedure Law and Rules § 311(a)(1).[2] Further, the Proof of Service did not indicate that service had been issued to the New York Secretary of State or a deputy as permitted under New York Business Corporations Law § 306(b)(1).

On September 10, 2024, Crawford filed a document dated January 24, 2024 stating that Defendant Citibank, N.A. was served by mailing a copy of the summons to "Fein Such & Crane, who is designated by law to accept service of process on behalf of Citibank, NA." (ECF No. 17.) This filing contains a "Proof of Service" page for Defendant Citibank, N.A. that is a duplicate of the document that Crawford previously filed on February 8, 2024 purporting to show proof of service on Citibank, N.A. (*Compare* ECF No. 5 at 6 *with* ECF No. 17 at 1.) As stated above, this Court already found that this exact document did not show proper service on Defendant Citibank, N.A. at the August 22, 2024 status conference. (Conf., Aug. 22, 2024.) The filing also contains additional pages which appear to show a stamp indicating that mail was delivered on

---

[2] It is well established that, service upon a corporation's attorneys is ineffective unless the attorneys are authorized to accept service for the client. *Santos v. State Farm Fire & Casualty Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990). The plaintiff bears the burden of demonstrating that the defendant's attorney was authorized to receive service of process on behalf of the defendant. *Weston Funding, LLC v. Consorcio G. Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 590 (S.D.N.Y. Aug. 31, 2006) (citations omitted).

February 5, 2024 and January 29, 2024. (ECF No. 17 at 2, 4, and 6.) These additional stamps do not suffice to show service; the Court explained at the August 22, 2024 status conference that mailing the summons to Fein Such & Crane does not satisfy the service requirements of the Federal Rules of Civil Procedure. (Min. Entry, Aug. 22, 2024.)

On September 12, 2024, Crawford filed an "Affidavit of Service" dated September 12, 2024 in which "Robert Maurus" swears that he served "Citibank" by leaving the summons and complaint with "Diana Sanchez" at 5801 Sunrise Highway in Holbrook, NY. (ECF No. 18.) Maurus checked the box indicating that "deponent knew the person so served to be the authorized agent of 'Citibank' and said person stated that he/she was authorized to accept service and as evidenced by _____." (*Id.*) Maurus left blank the line regarding the "evidence[]" that Sanchez was an authorized agent. (*Id.*)

"In tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service" on behalf of the corporation. *Burton v. Wells Fargo Bank, N.A.*, No. 23-cv-05520, 2024 WL 3173898, at *16 (E.D.N.Y. June 26, 2024). "As long as the process server's reliance on corporate personnel is reasonable, the defendant may not later complain that it lacked notice even if the complaint was mistakenly delivered to a person who was not authorized to accept service." *Id.* A plaintiff fails to establish service on a corporation, however, where an affidavit of service fails to explain the basis for the deponent's conclusion that the person served was authorized to accept service on behalf of the corporation. *See Id.* (finding that the plaintiff failed to establish service where the Court could not "discern" from the affidavit of service "what steps, if any, the process server took to conclude that the [purported agent] was authorized to accept service of process."); *see also Feng Lin v. Quality Woods, Inc.*, No. 17-cv-3043, 2019 WL 1450746, at *5 (E.D.N.Y. Jan. 28, 2019) (finding that

8

the affidavits of service "contain[ed] insufficient facts upon which a presumption of correct service could be based" where the affidavits did not state how the deponent knew that the purported agent was authorized to accept service); *Tung v. Hemmings*, No. 19-cv-5502, 2021 WL 4147419, at *3 (E.D.N.Y. Sept. 13, 2021) ("Courts in this circuit consistently decline to find affidavits adequate to establish service on a corporate defendant when the individual served is not identified and the affidavit fails to explain the basis for the affiant's conclusion that the individual served was authorized to accept service for the corporation.").

The September 12, 2024 Affidavit of Service fails to demonstrate that Diana Sanchez is authorized to accept service on behalf of Citibank, N.A. because Maurus did not state what evidence he relied on to reach that conclusion. *See Burton*, 2024 WL 3173898, at *16; *Feng Lin*, 2019 WL 1450746, at *5; *Tung*, 2021 WL 4147419, at *3. The Affidavit of Service fails to establish that Citibank, N.A. was served by the Court's September 12, 2024 deadline, which was more than 90 days after the filing of the Complaint, and accordingly Citibank, N.A. is dismissed without prejudice. *See* Fed. R. Civ. P. 4(m).

### III. Attempted Service on Defendant Stephen J. Baum

On September 12, 2024, Crawford filed a document that appears to be a printout from the New York Department of State Division of Corporations website showing a search for "Pillar Processing LLC." (ECF No. 19.) At the bottom of the document, it appears that Crawford has written that she "attempted to process serve" "defendant Pillar Processing, LLC Stephen J. Baum" "through the Dept. of State and was advised that the defendant . . . is inactive." (ECF No. 19.) Crawford states that as a result, she "could not serve" the defendant. The Court construes this document to state that Crawford was unable to serve Defendant Stephen J. Baum ("Baum"). Defendant Baum is dismissed from this action without prejudice due to Crawford's failure to

9

serve him by the Court's September 12, 2024 deadline, which was more than 90 days after the filing of the Complaint. *See* Fed. R. Civ. P. 4(m).

## CONCLUSION

For the reasons stated above, Defendants Mathews, Heckman, Citibank, N.A., and Baum are dismissed from this action without prejudice pursuant to Rule 4(m). Accordingly, all pending motions are dismissed as moot. The Clerk of Court shall close this case and shall mail a copy of this Order to Crawford at her address of record and note such mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should Crawford seek leave to appeal *in forma pauperis*, any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
October 28, 2024

              /s/ *Nusrat J. Choudhury*
              NUSRAT J. CHOUDHURY
              United States District Judge